

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 2:26-cr-00026
                18 U.S.C. § 1028(a)(7)
                18 U.S.C. § 1028(b)(2)(B)
CRYSTAL RENEE SEVERSON    18 U.S.C. § 1028(c)(3)(A)

<u>I N F O R M A T I O N</u>

The United States Attorney Charges:

On or about January 10, 2022, at or near Charleston, Kanawha County, West Virginia, within the Southern District of West Virginia, defendant CRYSTAL RENEE SEVERSON knowingly used, without lawful authority, a means of identification of another person with the intent to commit, and in connection with, any unlawful activity that constitutes a felony under any applicable State or local law, that is, defendant CRYSTAL RENEE SEVERSON altered a money order originally made payable to an agency of the State of West Virginia by unlawfully using the name of her mother as a false payor in violation of W. Va. Code § 61-4-5, and where defendant CRYSTAL RENEE SEVERSON's use of her mother's name was done in or affecting interstate or foreign commerce.

In violation of Title 18, United States Code, Sections 1028(a)(7), 1028(b)(2)(B) and 1028(c)(3)(A).

## NOTICE OF FORFEITURE

The allegations contained in this Information are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 982(a)(2)(B), 28 U.S.C. 2461(c) and Rule 32.2 of the Federal Rules of Criminal Procedure.

Upon conviction of the offense in violation of 18 U.S.C. § 1028(a)(7), the defendant CRYSTAL RENEE SEVERSON shall forfeit to the United States of America, pursuant to 18 U.S.C. § 982(a)(2)(B), 28 U.S.C. § 2461(c) and Rule 32.2 of the Federal Rules of Criminal Procedure, any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

The property to be forfeited includes but is not limited to a money judgment in the amount of at least $1,855.00, such amount constituting the proceeds of the violations set forth in this Information.

If any of the property described above, as a result of any act or omission of the defendant[s]:

    a. cannot be located upon the exercise of due diligence;
    b. has been transferred or sold to, or deposited with, a third party;
    c. has been placed beyond the jurisdiction of the court;
    d. has been substantially diminished in value; or
    e. has been commingled with other property, which cannot be divided without difficulty.

The United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

All pursuant to 18 U.S.C. § and 982(a)(2)(B), and 28 U.S.C. § 2461(c).

                UNITED STATES OF AMERICA

                MOORE CAPITO
                United States Attorney

By: _____
    JONATHAN T. STORAGE
    Assistant United States Attorney